COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | No. 08-20-00064-CR |
| EX PARTE | § | Appeal from the |
| SLADE ALAN MOORE, | § | County Court |
| | § | of Andrews County, Texas |
| Appellant. | | |
| | § | (TC# 19-0135) |

# O P I N I O N

This appeal arises from Appellant Slade Alan Moore's pretrial habeas-corpus proceeding challenging the information charging Moore with harassment under TEX.PENAL CODE ANN. § 42.07(a)(7). In his application for writ of habeas corpus and associated motion to quash, Moore argued that he was being illegally restrained because section 42.07(a)(7) is facially unconstitutional under the U.S. Constitution due to the statute's overbreadth and vagueness. The trial court denied Moore's writ application and motion to quash information, and he now appeals the trial court's order denying his writ application. For the reasons below, we affirm the trial court's order and remand the cause to the trial court.

## I. BACKGROUND

The State charged Moore with harassment under section 42.07(a)(7), alleging that on or about April 19, 2019, Moore:

did then and there, with intent to harass, annoy, alarm, abuse, torment or embarrass [K.M.],[1] hereafter styled the complainant, cause the telephone of the complainant to ring repeatedly and did send repeated electronic communications to the complainant in a manner reasonabl[y] likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another, namely [K.M.].

Moore filed a pretrial application for writ of habeas corpus and motion to quash the information, arguing that he was illegally confined or restrained and that the information should be quashed because the statute under which he was charged, section 42.07(a)(7), was unconstitutionally overbroad and vague under the First Amendment of the U.S. Constitution. In particular, Moore contended that section 42.07(a)(7)'s prohibitions against certain speech constituted content-based restrictions on speech of the type that did not fall into any previously recognized category of unprotected speech. Moore further contended that section 42.07(a)(7) was unconstitutionally vague because of the uncertain meaning of what constitutes "repeated" communications.

The trial court denied Moore's writ application and motion to quash by written order. Moore appealed the court's order denying his writ application and motion to quash, and this Court first dismissed the appeal for want of jurisdiction. *See Ex parte Moore*, No. 08-20-00064-CR, 2020 WL 1809169, at *1 (Tex.App.--El Paso Apr. 9, 2020, no pet.) (mem. op., not designated for publication) (*Moore I*), *superseded by Ex parte Moore*, No. 08-20-00064-CR, 2020 WL 2079215, at *1 (Tex.App.--El Paso Apr. 30, 2020, no pet.) (mem. op. on reh'g, not designated for publication) (*Moore II*). On rehearing, Moore argued that he was appealing the denial of his writ application, and because denial of a pretrial habeas corpus writ application is a final appealable order, we withdrew our original opinion and issued an opinion reinstating the appeal for

---

[1] To protect the complainant's identity, we refer to her as "K.M." *See* TEX.R.APP.P. 9.10.

2

consideration of section 42.07(a)(7)'s constitutionality. *See Moore II*, 2020 WL 2079215, at *1. This issue now prompts this appeal.

## II. DISCUSSION

At the outset, we note that this Court decided the facial constitutionality of section 42.07(a)(7) in *Ex parte Hinojos*, No. 08-17-00077-CR, 2018 WL 6629678, at *5-6 (Tex.App.-- El Paso Dec. 19, 2018, pet. ref'd) (not designated for publication). In *Hinojos*, we held that section 42.07(a)(7) is not facially unconstitutional on the grounds of being overbroad or unduly vague. *Id.* at *5; *see also Torres v. State*, No. 08-19-00209-CR, 2021 WL 3400598, at *7 n.1 (Tex.App.--El Paso Aug. 4, 2021, no pet.) (not designated for publication) (Alley, J., concurring) (recognizing *Hinojos).* These are essentially the same matters Appellant raises in this appeal.

Generally, an intermediate appellate court has an obligation to follow its own precedent unless it expressly overrules it. *See Kiffe v. State*, 361 S.W.3d 104, 116 (Tex.App.--Houston [1st Dist.] 2011, pet. ref'd), *citing Rose v. State*, 752 S.W.2d 529, 555 (Tex.Crim.App. 1988) (op. on reh'g) (Teague, J., concurring). Because we find no reason to expressly overrule *Hinojos*, we follow its holding here. *See id.* We therefore conclude that Appellant's facial challenge to section 42.07(a)(7) must fail.

Finally, we note that several cases directly raising the facial constitutionality of section 42.07(a)(7) are pending before the Texas Court of Criminal Appeals. Three of our sister courts have found section 42.07(a)(7) to be facially unconstitutional. *Griswold v. State*, No. 05-19- 01561-CR, 2021 WL 6049853, at *3-4 (Tex.App.--Dallas Dec. 21, 2021, mot. reh'g en banc filed); *State v. Chen*, 615 S.W.3d 376 (Tex.App.--Houston [14th Dist.] 2020, pet. filed); *Ex parte Barton*, 586 S.W.3d 573 (Tex.App.--Fort Worth 2019, pet. granted) (op. on reh'g). Three of our other

3

sister courts have upheld the constitutionality of the statute. *State v. Grohn*, 612 S.W.3d 78 (Tex.App.--Beaumont 2020, pet. filed); *Ex parte McDonald*, 606 S.W.3d 856 (Tex.App.--Austin 2020, pet. filed); *Ex parte Sanders*, No. 07-18-00335-CR, 2019 WL 1576076 (Tex.App.--Amarillo Apr. 8, 2019, pet. granted) (mem. op., not designated for publication). Elongating this opinion with additional discussion of the issues would add nothing new to what is already pending before the Texas Court of Criminal Appeals. We adhere to our prior precedent and overrule Appellant's Issue One.

## III. CONCLUSION

The trial court's order is affirmed. We remand this case to the trial court for further proceedings consistent with this opinion.

JEFF ALLEY, Justice

February 4, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

4